DOW CITY SENIOR CITIZENS HOUSING, INC., Appellant,

v.

BOARD OF REVIEW OF CRAWFORD COUNTY, Iowa, et al., Appellees.

No. 2-57020.

Supreme Court of Iowa.

June 25, 1975.

Richard J. Vipond, of Reimer & Vipond, Denison, for appellant.

Thomas R. Eller, County Atty., for appellees.

Heard by MOORE, C. J., and MASON, REES, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

This is an appeal from denial of a property tax exemption. The question is whether plaintiff Dow City Senior Citizens Housing, Inc. proved it is a charitable and benevolent institution using its property solely for its appropriate objects without a view to pecuniary profit. § 427.1(9), The Code. Defendant Board of Review of Crawford County assessed the property for taxation in 1973. Plaintiff filed a claim of exemption which was denied by the board. An appeal was tried in district court. The trial court held plaintiff did not prove its property should be exempt. We affirm.

Plaintiff is a nonprofit corporation organized under Iowa law to construct and operate a low-rent housing facility for elderly persons in Dow City, a town of about 600 population in Crawford County. Local businessmen saw a need to provide housing for retired persons in Dow City. The only apartments available were in older homes, frequently requiring the use of stairs. The businessmen learned of a program of the Farmers Home Administration (FHA), an agency of the United States Department of Agriculture, providing financing for housing for low-income elderly persons.

They organized the plaintiff corporation in accordance with regulations of the FHA. Their efforts in doing so were uncompensated. The Dow City Businessmen's Association donated land valued at $1000 as the site for the facility. The land was cleared by volunteer labor. Cash donations of $675 were received. Memberships were sold for $25 each. Members acquired no rights other than the right to vote at stockholders' meetings. $725 was raised in this way.

Plaintiff then obtained a $41,700 FHA loan, bearing annual interest of three percent and payable over a period of 50 years. The building was constructed with the loan proceeds. It is a one-story structure containing four apartments, two having two bedrooms and two having one bedroom.

The low FHA loan interest rate precludes rental of units to persons with more than $9000 annual income. The FHA dictates the accounts which must be maintained to assure security for and repayment of its loan.

In order to provide the required security, pay operating expenses, and make loan pay-

ments, plaintiff fixed the rent for the two bedroom apartments at $75 a month and rent for the one bedroom units at $65 a month. The apartments have been fully rented since July 1972. No admission fee is charged. No apartments have been rented for less than the fixed rate. No financial statements have been required from applicants. The applicants are interviewed. Those accepted have had little or no income other than social security, with one exception. One couple is receiving about $5000 annually from a sale of real estate. One resident receives financial assistance from her family. No apartments have been rented to anyone unable to pay the rent either personally or with family assistance. No one has yet been rejected for inability to pay the rent.

The facility is self-supporting. No services are provided the tenants other than those usually available to apartment residents. The rentals are comparable to those charged for other apartments in Dow City, but plaintiff's apartments are better.

Liability for property taxes would require plaintiff to raise about $900 in additional annual rental income.

■ Our review is governed by well established principles of law. The exemption statute must be strictly construed. Any doubt upon the question of exemption must be resolved in favor of taxation. Taxation is the rule; exemption is the exception. The claimant must prove his right to the exemption. Each case depends largely on its own facts. Northwest Community Hospital v. Board of Review of City of Des Moines, 229 N.W.2d 738 (Iowa 1975); Evangelical Lutheran G. S. Society v. Board of Rev., Des Moines, 200 N.W.2d 509 (Iowa 1972); Wisconsin Evangelical Lutheran Synod v. Regis, 197 N.W.2d 355 (Iowa 1972).

■ Exemption statutes are premised on the theory that benefits received by the community from exempted uses outweigh the inequality caused by exemption of the property from taxation. They are "a legislative recognition of the benefits received by society as a whole from properties devoted to appropriate objects of exempt institutions and the consequent lessening of burden on the government." South Iowa Methodist Homes v. Board, 257 Iowa 1302, 1305, 136 N.W.2d 488, 490 (1965).

In the present case the government, through the FHA loan program, has already assumed a large share of the burden of meeting the need for low-rent housing for elderly persons. Plaintiff has not shown that the exemption statute should be applied in its favor to create an additional burden on other property taxpayers in the community.

■ We do not believe plaintiff has established its right to exemption from property taxes. It is a nonprofit corporation; that does not make it a charitable or benevolent institution under Code § 427.1(9). It meets a real need of Dow City in providing low-rent housing to elderly retired persons; that does not make it charitable or benevolent either. Its contribution to the community is laudable but not charitable or benevolent within the meaning of the exemption statute.

Plaintiff provides no care; it provides housing. It does not provide housing to those unable to pay its charges either personally or with third party help. Its charges are fixed at a level to make it self-sufficient. No concessions on rent are made to residents based on need.

Our recent decisions have endorsed a tightening of exemptions. Other jurisdictions have denied exemptions in similar situations. See Michigan Baptist Homes v. City of Ann Arbor, 55 Mich.App. 725, 223 N.W.2d 324 (1974); Lutheran Home, Inc. v. Board of County Com'rs, 211 Kan. 270, 505 P.2d 1118 (1973), and citations; Hilltop Village, Inc. v. Kerrville Ind. Sch. Dist., 487 S.W.2d 167 (Tex.Civ.App.1972); Paraclete Manor of Kansas City v. State Tax Com'n, 447 S.W.2d 311 (Mo.1969).

Our interpretation of the exemption statute in favor of taxation in this case is

supported by recent legislation. The legislature has now separately provided property tax relief for low-income elderly persons regardless of where they live. §§ 425.16–425.39, The Code. Carefully circumscribed and uniformly applicable standards are provided. Under this statutory scheme, a renter with an annual income below $6000 may obtain reimbursement of a percentage of the part of his gross rent paid which is attributable to property taxes. The lower his income, the higher the percentage of reimbursement. In contrast, if plaintiff's claim of exemption were granted in the present case, its renters would be entirely exempt from the effects of property taxes, even though their incomes need only be less than $9000 per year. We do not think the legislature intends that the landlord be granted an exemption in these facts.

We hold that the trial court was right in upholding the board of review's denial of plaintiff's claim of exemption.

Affirmed.