IOWA METHODIST HOSPITAL, Appellee,

v.

BOARD OF REVIEW OF the CITY OF DES MOINES, Iowa, Appellant.

IOWA METHODIST HOSPITAL, Appellee,

v.

Jim MALONEY, Auditor of Polk County, et al., Appellants.

No. 2–57516.

Supreme Court of Iowa.

April 20, 1977.

Davis, Scott & Grace and Philip T. Riley, Des Moines, for Bd. of Review of City of Des Moines.

J. Riley McManus, Des Moines, for Jim Maloney, Auditor of Polk County, et al.

Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

LeGRAND, Justice.

This is an appeal in two consolidated tax assessment cases involving property operated by Iowa Methodist Hospital, the plaintiff, as a nursing home. The issues are identical in each case except as to the time involved. The appeal by the Board of Review concerns an assessment for 1973 taxes payable in 1974. The appeal by Jim Maloney, et al, relates to 1972 taxes payable in 1973. In both cases the trial court held the property exempt from taxation. In each case we reverse.

Throughout the opinion we refer to Iowa Methodist Hospital as the Hospital; to the Board of Review of the City of Des Moines, Iowa, as the Board; and to Jim Maloney, Auditor of Polk County, as the Auditor.

The property involved is the same property formerly owned by the Evangelical Lutheran Good Samaritan Society. In a prior appeal, we held there was no exemption from taxation while it was operated as a nursing home by that organization. *See Evangelical Lutheran Good Samaritan Society v. Board of Review*, 200 N.W.2d 509, 511–512 (Iowa 1972). Our decision in that case is not controlling here. Our task is to determine the present status of the property as it is now operated by the hospital. We look to the *Evangelical* case only as authority for the general principles involved, just as we do to our other cases involving the same problems.

This appeal is de novo. We give the statutes exempting property from taxation strict construction. Any doubt concerning an exemption must be resolved in favor of taxation. The burden is upon the one claiming the exemption to show the property should not be taxed. *Southside Church of Christ v. Board of Review*, 243

N.W.2d 650, 651–654 (Iowa 1976) and citations.

The hospital acquired the property in 1972. It has about 58 beds. All persons who reside in the home pay fees for the services rendered. The hospital accepts no nursing home residents who are unable to pay. Some pay privately, others are welfare patients for whom payment is made by a governmental agency. If applicants are unable to pay privately, they are told where they may apply for welfare or they are advised where cheaper nursing homes are available.

The nursing home has virtually no income aside from the amounts paid by residents. It receives no financial support from the hospital or from the Methodist Church. The hospital anticipates the fees paid by nursing home residents should meet its operating expenses and provide a modest surplus to be used for retirement of debt and to buy capital equipment.

The statute relied on is § 427.1(9), The Code, which exempts from taxation "all grounds and buildings used * * * by literary, scientific, charitable, benevolent, agricultural, and religious institutions and societies solely for their appropriate objects * * * and not leased or otherwise used * * * with a view to pecuniary profit. * * *"

■ We are not concerned with whether the hospital itself is a charitable institution. Our sole interest is whether the hospital operates the nursing home as a charitable enterprise. We have said exemption from taxation must be decided on a case-by-case basis, depending on the use to which the particular property is put. *South Iowa Methodist Homes, Inc. v. Board of Review*, 173 N.W.2d 526, 532 (Iowa 1970). Under our decisions a charitable organization may be entitled to exemption on some of its property and be subject to taxation on others. It is not the identity of the owner but the character of the use which controls. *Southside Church of Christ v. Board of Review, supra*, 243 N.W.2d at 655; *Dow City Senior Citizens Housing, Inc. v. Board of Review*, 230 N.W.2d 497, 499–500 (Iowa

1975); *Northwest Community Hosp. v. Board of Review*, 229 N.W.2d 738, 740–741 (Iowa 1975).

■ Under the record before us we hold that the hospital is not entitled to a tax exemption on the nursing home property. We find no basis upon which it can be said this property is devoted to charitable use. According to the record, no patient is accepted without paying. If suitable financial arrangements cannot be made privately or by public assistance, the applicant is turned away. Such a general practice does not contain the necessary elements of charitable use of the nursing home property.

In dealing with a similar claim concerning the operation of a church-owned foster care home, we said in *Southside Church of Christ v. Board of Review, supra*, 243 N.W.2d at 655:

"In reality, this [foster] home is equivalent to the eighty other private family foster homes in Des Moines but for the fact this one is owned by a church. These [other] private homes are not tax exempt, even though they too obviously benefit society on exactly the same terms and are 'nonprofit' as to foster care rendered."

If we paraphrase "nursing home" for "family foster home" in this quotation, we could adopt the principle announced there as controlling here.

The result in *Southside Church* was reached even though the property was devoted to a very worthwhile work, was owned by a nonprofit religious organization, and provided beneficial services to the community.

The same rationale led us to deny tax relief in *Dow City Senior Citizens Housing, Inc. v. Board of Review, supra*, despite the fact we were dealing with a nonprofit corporation providing low-rent housing for elderly retired persons.

In language equally applicable in the present case, we said at 230 N.W.2d 499:

"We do not believe plaintiff has established its right to exemption from proper-

ty taxes. It is a nonprofit corporation; that does not make it a charitable or benevolent institution under Code § 427.-1(9). It meets a real need of Dow City in providing low-rent housing to elderly retired persons; that does not make it charitable or benevolent either. Its contribution to the community is laudable but not charitable or benevolent within the meaning of the exemption statute. "Plaintiff provides no care; it provides housing. It does not provide housing to those unable to pay its charges either personally or with third party help. Its charges are fixed at a level to make it self-sufficient. No concessions on rent are made to residents based on need."

The hospital would be entitled to exemption from taxation if it operated a *charitable* nursing home; but the mere fact that a hospital operates a nursing home does not alone render the property tax free.

For the reasons heretofore stated, we reverse the judgment entered below and remand with directions that the tax assessments originally made against the involved property for the years 1972 and 1973 be reinstated.

REVERSED AND REMANDED.