The CITY OF COUNCIL BLUFFS, Iowa, a Municipal Corporation, Appellee,

v.

POTTAWATTAMIE COUNTY, Iowa, et al., Appellants.

No. 2–57982.

Supreme Court of Iowa.

May 25, 1977.

Rehearing Denied June 27, 1977.

Lyle A. Rodenburg, Council Bluffs, for appellants.

Porter, Heithoff, Pratt & Reilly, Council Bluffs, for appellee.

Heard before MOORE, C. J., and Le-GRAND, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

LeGRAND, Justice.

This is an appeal from a summary judgment under which the trial court held certain property in Council Bluffs, Iowa, owned by the city and intended to be used for urban development exempt from taxa-tion. The defendants in the suit are a number of governmental bodies and the individuals who serve on them. The city filed a motion for summary judgment to establish its exempt tax status. Defend-ants filed a cross-motion for summary judg-ment. The trial court entered judgment for plaintiff and denied defendants' motion. All the defendants appeal except Luella Olderog, City Treasurer. We reverse and remand for entry of an order dismissing plaintiff's petition.

The stipulated facts may be summarized as follows: On April 20, 1970, the city by eminent domain took title to the property here involved as part of its urban renewal program. *See* Chapter 403, The Code, 1966.

When the city acquired the property, Mid-America Oil Corporation was a tenant and was operating the premises as a gaso-line service station. After the city acquired the property, they entered into a lease with Mid-America Oil Corporation under the terms of which the corporation remained as a tenant pending demolition of the area in preparation for the urban renewal project.

This lease was terminated on February 20, 1973, when the lessee vacated the prem-ises. The property was demolished late in March, 1973, in preparation for urban re-newal work.

The city received gross rental of $14,-266.68 under the Mid-America Oil Corpora-tion lease. It paid out $1,876.35 for mainte-nance, realizing a net rental of $12,390.33. This rental was allocated to the urban re-newal project and did not become part of the city's general fund.

The city assessor did not remove the property from the assessment roll until the premises were vacated and subsequently de-molished. The city received tax bills from the county for 1970, 1971 and 1972 totaling $6,586.72.

The city refused to pay the taxes. On July 2, 1970, the city's attorneys held a conference with the city assessor requesting that the property be removed from the rolls. He refused to do so. It did not, however, seek administrative relief from

the assessments from the Board of Review. *See* § 441.37, The Code.

Two issues are raised. First, defendants contend the city failed to exhaust its administrative remedy before seeking relief in the courts; and, second, assuming the first issue is resolved against them, defendants insist the property is subject to tax under the provisions of § 403.11(2), The Code, 1966.

We decide the case on the first issue and do not reach the second.

The statute under which the city claims to be exempt from taxation is here set out (§ 403.11(2)):

"1.  *  *  *

"2. The property of a municipality, acquired or held for the purposes of  *  * [urban renewal], is declared to be public property used for essential public and governmental purposes, and such property shall be exempt from all taxes of the municipality, the county, the state, or any political subdivision thereof: *Provided, that such tax exemption shall terminate when the municipality sells, leases or otherwise disposes of such property in an urban renewal area to a purchaser or lessee which is not a public body entitled to tax exemption with respect to such property.*" (Emphasis added.)

The emphasized portion is the provision on which this contest turns. The city assessor held the conditioned exemption of the statute inapplicable because the property was leased to Mid-America Oil Corporation.

The question then becomes whether the general exemption of the statute is defeated here by the lease between the city and Mid-America Oil Corporation.

■ Ordinarily an administrative remedy must be exhausted before courts will intervene to grant relief. *Rowen v. LaMars Mutual Insurance Company of Iowa*, 230 N.W.2d 905, 909 (Iowa 1975); *Charles Gabus Ford v. Iowa State Highway Commission*, 224 N.W.2d 639, 647 (Iowa 1974); *Oliver v. Iowa Power & Light Co.*, 183 N.W.2d 687, 691 (Iowa 1971); *Elk Run Telephone Co. v. General Telephone Co.*, 160 N.W.2d

311, 315 (Iowa 1968); *see generally* 2 Am. Jur.2d *Administrative Law* § 595 (1962) and 73 C.J.S. *Public Administrative Bodies and Procedure* §§ 40, 41 (1951). *See also* Davis, *Administrative Law Text* (3d ed. 1972), § 20.01 at 382.

■ In *Rowen, supra*, we said the exhaustion rule does not control unless two conditions are present. An administrative remedy must exist for the claimed wrong, and the statute must expressly or impliedly require that remedy to be exhausted before resort to the courts. Both those conditions are met here.

The city claims its property was not assessable because of the provisions of § 403.-11(2). This complaint is a specific ground for appeal from the assessor to the Board of Review under § 441.37, The Code, 1966. We quote from that statute:

"Any property owner or aggrieved taxpayer who is dissatisfied with his assessment may file a protest against such assessment with the board of review  *  * Said protest shall be in writing and signed by the one protesting or by his duly authorized agent. Taxpayer may have an oral hearing thereon if request therefor in writing is made at the time of filing the protest. Said protest must be confined to one or more of the following grounds:

(1) *  *  *

(2) *  *  *

(3) *That his property is not assessable and stating the reasons therefor  *  *  *.*" (Emphasis supplied.)

■ We hold the statute contemplates complaints such as the one made here shall be first heard and decided by the Board of Review before judicial relief may be had. The second *Rowen* requirement—that an administrative remedy exists—is also satisfied. The Board has statutory authority to correct erroneous assessments. *See* §§ 441.-35–441.37.

The city argues the tax imposed was void because the property was exempt from taxation. This, the city says, permits it to go directly to the courts without first seeking

relief from the Board of Review. Whether the property was exempt from taxation under the wording of § 403.11(2), of course, is the very question to be decided. The rule that administrative procedures need not be resorted to when the tax is unconstitutional or is levied without authority does not apply to questions such as the one presented here.

If the city is right, any taxpayer who claimed his property should not have been assessed at all could ignore the Board of Review and go directly to the courts; but this would manifestly be contrary to both the express provisions and the purpose of § 441.37 heretofore set out. The statute permits the urban renewal property to be taxed under certain circumstances. The parties disagree as to whether these circumstances are present here. This is a matter well within the authority of the Board of Review. *Cf. Bednar v. Carroll*, 138 Iowa 338, 342–343, 116 N.W. 315, 317 (1908).

Neither is it any objection to say that the case need not have been first submitted to the Board of Review because it involves the meaning of a statute, a legal issue. Virtually all questions involving a claimed exemption from taxation involve such matters. We cite a few of them only. *Iowa Methodist Hospital v. Board of Review of City of Des Moines*, 252 N.W.2d 390 (Iowa, filed April 20, 1977) (claim of exemption for nursing home); *Dow City Senior Citizens Housing, Inc. v. Board of Review of Crawford County*, 230 N.W.2d 497, 498 (Iowa 1975) (claim a senior citizens' housing unit was exempt from taxation); *Northwest Community Hospital v. Board of Review of City of Des Moines*, 229 N.W.2d 738, 739 (Iowa 1975) (claim of exemption by hospital); *Evangelical Lutheran Good Samaritan Society v. Board of Review of City of Des Moines*, 200 N.W.2d 509, 510 (Iowa 1972) (nursing home claiming exemption); *Wisconsin Evangelical Lutheran Synod v. Regis*, 197 N.W.2d 355 (Iowa 1972) (exemption claimed on residence owned by church and furnished to one of its teachers as part of his compensation); *Trinity Lutheran Church v. Browner*, 255 Iowa 197, 121 N.W.2d 131 (1963) (claim of exemption based on residence property furnished to Director of Christian Education and Minister of Music); *South Iowa Methodist Homes, Inc. v. Board of Review of City of Des Moines*, 173 N.W.2d 526 (Iowa 1970) (claim of exemption by church-related retirement home); *Theta XI Building Association v. Board of Review of Iowa City*, 217 Iowa 1181, 251 N.W. 76 (1934) (exemption claimed by university fraternity.)

The only exception we have recognized to the necessity for exhausting administrative remedy before seeking judicial review is stated in *Griswold Land & Credit Co. v. County of Calhoun*, 198 Iowa 1240, 1245, 201 N.W. 11, 13 (1924):

"The rule to be deduced from the various provisions of the statute and the decisions of this court is that, unless the tax is illegal because levied without statutory authority, or levied upon property not subject to taxation, or by some officer or officers having no authority to levy the same, or is in some other similar respect illegal, the exclusive remedy of the taxpayer is to complain to the board of review, and, in the event he is denied relief, then to appeal to the district court."

*See also Jewett Realty Co. v. Board of Supervisors of Polk County*, 239 Iowa 988, 993, 33 N.W.2d 377, 380 (1948).

In the case before us the tax was levied under a statute permitting the property to be assessed under certain circumstances. The dispute concerns whether such circumstances exist. Even if erroneously assessed because the statute had been misapplied, the tax would have been applied under color of statutory authority. It would not be "illegal" as that term is used in *Early* and *Jewett.* This is clearly the very type of case the statute intended to be submitted to the Board of Review in the first instance. The city's argument to the contrary is without merit.

The cases cited by the city to support its view involve significantly dissimilar statutes or facts. They are not persuasive. Our own statute and our prior decisions dictate this result.

The case was submitted on plaintiff's motion for summary judgment. There was also a cross-motion for summary judgment. Although the record is not clear, the trial court found the cross-motion had been filed by all the defendants. No one disputes this finding. In ruling on the appeal, we accept that finding as correct.

We hold submission of this dispute to the Board of Review was a condition precedent to the city's right to seek judicial review. Failure to exhaust this administrative remedy is a waiver of the city's right to seek redress from the courts. The trial court erred in sustaining the city's motion for summary judgment. It also erred in overruling defendants'.

The summary judgment entered in favor of plaintiff is reversed. Defendants' motion for summary judgment is sustained and judgment is hereby entered dismissing plaintiff's petition.

REVERSED.