**HILLTOP MANOR, Plaintiff-Appellant,**

v.

**The COUNTY BOARD OF REVIEW OF MARION COUNTY, Guido Logli, Charles Reimer, Floyd Vander Zyl, Emil Hansen, and Don McKay, as Members of Said Board, Defendants-Appellees.**

No. 83–559.

Court of Appeals of Iowa.

Jan. 24, 1984.

Melodie Hanes and John R. Sandre of Scalise, Scism, Sandre & Uhl, Des Moines, and Vincent S. Klyn of Gaass, Klyn, Boehlje & Johnson, Pella, for plaintiff-appellant.

Terry L. Wilson, County Atty., and Martha L. Mertz, Asst. County Atty., for defendants-appellees.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

DONIELSON, Presiding Judge.

Plaintiff residential care facility appeals from the judgment of the district court affirming defendant's action denying plaintiff a charitable property tax exemption under Iowa Code section 427.1(9). Plaintiff claims the court erred in concluding it was not a charitable institution and thus not entitled to the exemption. We reverse.

Plaintiff is a non-profit corporation providing a residential custodian home for the elderly in Pella, Iowa. The articles of incorporation for the plaintiff stated that its purpose was to provide a custodial home and also provided that an applicant's inability to pay the fees charged was not to prevent admission to the home or to terminate an occupant's residence in the home. The plaintiff's facility was initially built with contributions from a foundation which also provided funds for subsequent additions.

There are about fifty residents at the facility. Each of the residents has paid a $300 entry fee and each resident also pays a monthly room rate ranging from $385 to $565 with the average cost per room at almost $537 per month. The room rates are set to equal the operating costs, with the construction costs for the facility not included in the operating costs. All residents have paid the entry fee and the monthly room rate. Only two residents are receiving Title XIX assistance. A nearby residential care facility operating for a profit charged $675 to $780 for rooms and had twenty-two or twenty-three residents that received Title XIX assistance.

Plaintiff provides its residents room, board, laundry services, and general nursing supervision but does not provide medical services or prescription drugs to its residents. Plaintiff also has a paid recreational director who directs a volunteer auxiliary of twenty persons who provide various services and activities for the residents at no extra cost to them.

In prior years, plaintiff's property was treated as tax exempt under Iowa Code section 427.1(9). The assessor placed the facility back on the tax rolls after discovering that it was not part of the adjoining hospital. The assessor indicated that an exemption should be denied to plaintiff since it was not providing totally free services.

On May 10, 1982, plaintiff filed a petition with defendant Board of Review requesting a property tax exemption pursuant to Iowa Code section 427.1(9). On June 1, 1982, the Board rendered a decision, finding that plaintiff was a non-profit corporation, but that it was neither charitable nor benevolent and therefore denied the exemption. Plaintiff timely served a notice of appeal pursuant to Iowa Code section 441.-38 and filed a petition in the district court, asserting that the assessment against its property was improper because it was used for charitable purposes as provided by Iowa Code section 427.1(9).

After a trial, the district court entered a decision dismissing plaintiff's petition and affirming the decision of the assessor and the Board. The court determined that plaintiff provided neither gratuitous services nor gratuitous care for its residents. On this basis the court concluded that plaintiff was not exempt from taxation. On April 11, 1983, plaintiff filed a notice of appeal.

This controversy arises out of Iowa Code section 427.1 which sets out the list of exemptions from property taxation; in particular, section 427.1(9) which exempts in relevant part: "All grounds and buildings used ... by ... charitable, benevolent ... institutions and societies solely for their appropriate objects ... and not leased or otherwise used ... with a view to pecuniary profit." In *Evangelical Lutheran Good Samaritan Society v. Board of Review of Fayette County*, 267 N.W.2d 413 (Iowa Ct.App.1978), we described our standard of review in the following terms: "Review is de novo. Tax exemption statutes are strictly construed, with any doubt resolved in favor of taxation. Plaintiffs have the burden to show that the property should not be taxed." *Id.* at 414. "Institutional exemptions are viewed with more favor than exemptions to private persons." *South Iowa Methodist Homes, Inc. v. Board of Review of Des Moines*, 173 N.W.2d 526, 531 (Iowa 1970). The Board claims that plaintiff nursing home is not exempt under this statute because it is not operated solely for charitable or benevolent purposes. There is no dispute as to the non-profit nature of plaintiff's operation.

■ We are satisfied that plaintiff has sustained its burden of proof. Our case law makes it clear that the gratuitous or partly gratuitous care of the elderly is a charitable purpose. *Evangelical Lutheran*, 267 N.W.2d at 414; *South Iowa Methodist*, 173 N.W.2d at 532. The record reflects that plaintiff is involved in precisely this kind of care. The facility itself was built and additions were made entirely on the strength of donations from a local foundation; thus, the residents have never had to pay or reimburse anyone for the cost of the building or equipment used therein. Although plaintiff employs a paid recreational director, a twenty-member volunteer auxiliary organization actually provides the various recreational and spiritual activities for the residents at no extra cost. Given these considerations, defendant Board and the district court erred in holding that plaintiff does not offer any gratuitous or partly gratuitous services or care to its residents. The fact that the residents to this point happen to have been able to pay the charges (which have been set to meet operating costs and no more) is certainly not sufficient by itself to deny the exemption since, as stated above, plaintiff is providing some gratuitous services.

■ We also feel compelled to comment on the reasons used by the county assessor to remove plaintiff's exemption and those of some of the Board's members to affirm that action. The assessor put plaintiff back on the tax rolls upon learning that plaintiff is not part of a nearby tax exempt hospital which owns the land on which plaintiff is located. Of course, that fact of nonaffiliation by itself says nothing about whether plaintiff is entitled to a charitable tax exemption in its own right. Yet that is apparently the only reason that the assessor took away plaintiff's exemption. The record reveals that the assessor did little if any investigation into plaintiff's operation, its financial situation, or anything else that would aid in determining whether it was being used for charitable or benevolent purposes. In addition, the record reflects that two of the five members of the Board gave questionable reasons for affirming the assessor's denial of plaintiff's exemption. One board member runs a for-profit care home which is not exempt. At the Board hearing, he stated he believed it was unfair that he had to pay property taxes on his facility while other facilities could be tax exempt. Another Board member stated at the hearing his belief that charitable organizations should not be exempt from property taxes at all. These comments indicate to us the possibility a strong bias against plaintiff on the part of these two members and lead us to wonder if, in voting to deny plaintiff's exemption, they were considering the relevant statutory criteria or merely implementing their own personal predilections. It should not be necessary for us to insist upon an objective application of the statutory law to the particular circumstances of each case that comes before a county board of review.

Because plaintiff satisfies the conditions of Iowa Code section 427.1(9), it is entitled to a property tax exemption. The judgment of the district court is therefore reversed.

REVERSED.