**IOWA LAKES FOUNDATION, Plaintiff-Appellant,**

v.

**The BOARD OF REVIEW OF EMMET COUNTY, Iowa, and Donald Pro, Chairman, and Elmer Champine, L.M. McIntire, Cecil Christiansen, and Max Soeth, as Members of the said Board of Review, Defendants-Appellees.**

No. 84–1985.

Court of Appeals of Iowa.

March 31, 1986.

Harold W. White of Fitzgibbons Brothers, Estherville, for plaintiff-appellant.

Lynn Fillenwarth, Emmet Co. Atty., for defendants-appellees.

Heard by DONIELSON, P.J., and SNELL and SCHLEGEL, JJ.

DONIELSON, Presiding Judge.

The appellant, Iowa Lakes Foundation, was denied its claim for exemption from real estate taxes by the Emmet County Board of Review. Following a trial, the district court held that the Foundation failed to prove that its property is used solely for charitable or benevolent objects

and is thus not qualified for property tax exemption. Although the trial court enlarged its findings and conclusions in response to the Foundation's Iowa R.Civ.P. 179(b) motion, he did not amend them. On appeal, the Foundation argues that the real estate it owns upon which it built movillas (house trailers anchored to a steel frame unit) should be exempt from property tax since the property is used to provide student housing for Iowa Lakes Community College. The Board of Review argues that the trial court correctly found that the Foundation did not meet the requirements of Iowa Code section 427.1(9) for exempt property because student housing is not a charity.

The Foundation was formed in 1970 to provide student housing adjacent to the Iowa Lakes Community College. The Foundation's rental units are available to the college students without regard to their financial status or any other factor. The availability of the rentals is on a first-come, first-served basis. The Foundation has been paying real estate taxes for approximately fourteen years, and this was the first year an exemption had been requested. The basis of the claim for tax exemption was that the real estate owned by a private nonprofit corporation should be exempt pursuant to the Iowa Code section 427.1(9)(1983). The property is immediately adjacent to the campus of the community college, and the renting and maintenance of the movillas and also the dormitory (completed in 1983), is handled exclusively by the college staff. The rentals are handled through the director of student housing at the college, and the rent is collected along with the students' tuition. The college pays all of the utilities, custodial services, maintenance, and handles all of the book work connected with accounting for the rents and paying the expenses. Rent receipts are deposited quarterly from the college business office into the Foundation account at a local bank. A college employee keeps the Foundation's checkbook and pays all expenses including principal and interest on the debt and insurance premiums.

The Foundation is organized under Iowa Code chapter 504A and is exempt from income tax. The Foundation's articles of incorporation provide that upon dissolution, the assets of the corporation shall become the property of the college. All revenues and net income from the operation of the housing shall go toward the payment of the capital indebtedness of the corporation.

In analyzing section 427.1(9), the trial court correctly observed that the exemption statutes have been strictly construed by the Iowa courts and any doubt must be resolved in favor of taxation. The trial court concluded that the Foundation failed to prove that its property was used solely for charitable or benevolent objects and therefore was not qualified for property tax exemption.

On appeal, the Foundation argues that it has lessened the burden on the local taxpayers and that the facts show a merger of the Foundation and the college has occurred for purposes of student housing.

The Board of Review argues that even the college, which receives its tax exemption under Iowa Code section 427.1(11) (because it is an educational institution), is not a charity when considering Iowa Code section 427.1(9). Since the Foundation does not provide free or even reduced rates to students who are poor or have other charitable needs, the Foundation is not a charity according to the Board of Review. Also, the Board submits that because Iowa Code chapter 280A makes no mandate or prohibition to the community college to provide housing for its students, the Foundation in providing housing has not relieved any "burden on government" and there has been no merger between the Foundation and the community college.

The sole issue is whether the Foundation was improperly denied tax exempt status under Iowa Code section 427.1 (1983). The section provides:

The following classes of property shall not be taxed:

*    *    *    *    *    *

9. *Property of religious, literary, and charitable societies.* All grounds and buildings used or under construction by literary, scientific, charitable, benevolent, agricultural, and religious institutions and societies solely for their appropriate objects, not exceeding three hundred twenty acres in extent and not leased or otherwise used or under construction with a view to pecuniary profit.

*See also* 730 Iowa Admin.Code § 78.1(2) (Revenue Section).

The Iowa Supreme Court has held that our review:

[I]s governed by well established principles of law. The exemption statute must be strictly construed. Any doubt upon the question of exemption must be resolved in favor of taxation. Taxation is the rule; exemption is the exception. The claimant must prove his right to the exemption. Each case depends largely on its own facts. *Northwest Community Hospital v. Board of Review of City of Des Moines,* 229 N.W.2d 738 (Iowa 1975); *Evangelical Lutheran G.S. Society v. Board of Rev., Des Moines,* 200 N.W.2d 509 (Iowa 1972); *Wisconsin Evangelical Lutheran Synod v. Regis,* 197 N.W.2d 355 (Iowa 1972).

*Dow City Senior Citizens Housing, Inc. v. Board of Review,* 230 N.W.2d 497, 499 (Iowa 1975).

We cannot find any Iowa authority dealing with this precise fact pattern, so we must look to similar authority for guidance. Several Iowa cases deal with housing for the elderly, and a determinative factor in those cases is whether any gratuitous services are provided by the organization to indigents so that the organization is engaged in a charitable activity. *Compare Evangelical Lutheran Good Samaritan Society v. Board of Review of Fayette County,* 267 N.W.2d 413 (Iowa App.1978); *Hilltop Manor v. Board of Review of Marion County,* 346 N.W.2d 37 (Iowa Ct.App. 1984) (exemptions granted) *with Iowa Methodist Hospital v. Board of Review of City of Des Moines,* 252 N.W.2d 390 (Iowa 1977); *Dow City Senior Citizen Housing*

*v. Board of Review,* 230 N.W.2d at 499; *Evangelical Lutheran Good Samaritan Society v. Board of Review of City of Des Moines,* 200 N.W.2d 509 (Iowa 1972) (exemptions denied).

The Foundation rents its units on a first-come, first-serve basis and ability to pay is not a criteria. The Foundation's articles of incorporation, while probative, are not binding upon our decision. While the Foundation is a not-for-profit corporation which makes this community college a more attractive place for higher education, we note that the Foundation charges a fixed level of rent so as to maintain a profit. We cannot find any indicia of gratuitous services, such as low rents to less advantaged students, which would lead us to conclude this organization should receive exempt status. Thus, the present arrangement of the Foundation does not constitute a charitable activity under section 427.1(9).

Similarly, community colleges do not have a legal obligation to provide student housing. *See* Iowa Code § 280A.19 (1985); 170 Iowa Admin.Code § 5.9 (1985). Thus, the Foundation is not lessening a burden on the government. *See Dow City Senior Citizens Housing,* 230 N.W.2d at 499 (citing *South Iowa Methodist Homes v. Board of Review of Cass County,* 257 Iowa 1302, 1305, 136 N.W.2d 488, 490 (1965)). Nor can we find that a merger has taken place between a governmental unit and the Foundation. No doubt the Foundation and the college have a close and complimentary relationship, but this dependency does not translate into the requirements necessary for a merger under the law. Even though the housing is represented by the college as college housing, rent is billed through the college, and administrative personnel from college supervise the housing, the Foundation remains a separate and distinct legal entity with its own board of trustees and property. We find the Foundation's "contribution to the community is laudable but not charitable or benevolent within the meaning of the exemption statute." *Dow City Senior Citizens Housing,* 230 N.W.2d at 499.

While the Foundation in its brief correctly states "if the college, using its existing statutory authority, had constructed [student] housing, such housing would be exempt from property taxes," but then goes on to erroneously extend this assertion by stating "the Foundation, therefore, has assumed what would properly be a governmental function of the college." The Foundation claims it is an alter ego of the community college. We find this to be an inaccurate characterization. As stated, community colleges do not have a duty to provide student housing. Had the Foundation donated its land with its housing to the community college and the Foundation ceased to exercise any legal control over this property, then this property could well be considered exempt. It does not follow that the tax exemptions the college would enjoy, from owning such property by definition, also flow to the Foundation because the latter is an autonomous corporation with rate-setting powers. Despite the Foundation's contentions, it does not fulfill a *direct* governmental function. Therefore, the trial court properly denied the Foundation tax exempt status under section 427.1(9).

AFFIRMED.