Richard S. DUDA and Eugene C. Corcoran, Plaintiffs-Appellants,

v.

Robert HASTINGS, as County Assessor of Pottawattamie County, Iowa; Judy Ann Miller, as County Treasurer of Pottawattamie County, Iowa; and Robert W. Knox, Chairman of the Pottawattamie County Board of Review, Defendants-Appellees.

Richard S. DUDA and Eugene C. Corcoran, Plaintiffs-Appellants,

v.

Robert W. KNOX, Chairman of the Pottawattamie County Board of Review, Defendant-Appellee.

No. 85–568.

Court of Appeals of Iowa.

April 23, 1986.

James A. Pratt of Heithoff, Pratt & Heithoff, Council Bluffs, for plaintiffs-appellants.

Frank W. Pechacek, Jr., and Randy R. Ewing of Smith, Peterson, Beckman & Wilson, Council Bluffs, for defendants-appellees.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Plaintiffs appeal an adverse judgment in a consolidated action that challenged a property tax assessment and sought injunctive relief from the assessment. We affirm.

Plaintiffs leased certain business property located at 25 Scott Street in Council Bluffs, Pottawattamie County, Iowa, for the purposes of a restaurant. The lease was for a period of five years and plaintiffs were in possession of said property as lessees on January 1 of each year of 1979 through and including 1982.

As lessees, plaintiffs spent over $266,000 remodeling the building and an additional $180,000 in further preparing the premises for their business. On February 21, 1979, plaintiffs met with the Pottawattamie County Chief Deputy Assessor and told him about the nature and costs of the improvements made on the subject property and orally listed the improvements for assessment. In April 1979, plaintiffs were notified by the Assessor's Office that they were to be assessed approximately $300,-000 for the improvements made on the building. These improvements were again assessed to plaintiffs on January 1, 1981, for the 1981 assessment year, at the same value. This notification was addressed to plaintiffs as deed holders or contract purchasers. Based upon this designation, plaintiffs considered this assessment inapplicable to them and felt that any tax assessment should be made against the owner of the property.

Consequently, plaintiffs did not file a protest with the Pottawattamie County Board of Review for either the January 1, 1979 assessment or the January 1, 1981 assessment, nor was any protest filed regarding the interim year 1980. Instead, plaintiffs filed suit against the Pottawattamie County Assessor and the Pottawattamie County Treasurer in district court, challenging the 1979 assessment as being void and illegal and without statutory authority in that the assessment was made against the plaintiffs as lessees and should have been levied against the owner. They also requested the district court to declare the assessment outside the scope of the assessor's jurisdiction and to temporarily and permanently enjoin the county treasurer from collecting the tax.

On January 1, 1982, the same assessment was carried forward unchanged from January 1, 1981, and was again imposed on the improvements made by plaintiffs. On April 23, 1982, plaintiffs filed a protest with the Pottawattamie County Board of Review protesting the assessment made as of January 1, 1982. They asserted, at this time, the same arguments made in their petition in district court, that the assessment was illegal and without statutory authority, and that the assessment should have been made against the owner.

The county board of review denied plaintiff's protest of the January 1, 1982 assessment and plaintiffs appealed the decision to the district court. This appeal and the original action filed in district court were consolidated for trial. The district court concluded that the original claims made by plaintiffs in district court should have been filed with the county board of review and therefore the district court was without jurisdiction on those claims. As to plaintiff's appeal from the county board of re-

view, the district court concluded that the protest was not based on a change in value and as such was based on impermissible grounds in an interim year.

On appeal, we are confronted with basically three issues: (1) did the district court have jurisdiction to hear the original petition challenging the January 1, 1979 assessment; (2) was the district court correct in concluding the protest of the January 1, 1982 assessment was based on impermissible grounds; and (3) were the improvements made on the property properly assessed against plaintiffs as lessees?

■ **I. Jurisdiction.** Plaintiffs have premised their protest from the very beginning that the tax assessment is without statutory authority and is illegal and void. Consequently, they argue that the ordinary administrative remedy is not available to them. They base their argument upon an interpretation of Iowa Code section 441.37 (1981) to allow for only five grounds of protest, and since their protest is not within the five enumerated grounds, the only recourse is an original action in the district court.

Iowa Code section 441.37 (1981) provides, in part, as follows:

> Any property owner or aggrieved taxpayer who is dissatisfied with his or her assessment may file a protest against such assessment with the Board of Review on or after April 26, to and including May 5, of the year of assessment.... Said protest shall be in writing and signed by the one protesting or by his or her duly authorized agent.... Said protest must be confined to one or more of the following grounds:
> 1.  That said assessment is not equitable as compared with assessment of other like property in the taxing district....
> 2.  That his property is assessed for more than the value authorized by law....
> 3.  That his property is not assessable and stating the reasons therefor.
> 4.  That there is an error in the assessment and state a specific alleged error.

> 5.  That there is fraud in the assessment which shall be specifically stated.

Iowa Code section 441.38 (1981) provides, in part:

> *Appeal to District Court.* Appeals may be taken from the action of the Board of Review with reference to protests of assessment, to the District Court of the County in which such Board holds its sessions within 20 days after its adjournment. No new grounds in addition to those set out in the protest to the board of review as provided in § 441.37 can be pleaded....

The supreme court, in *Cowles Communications, Inc. v. Board of Review of Polk County,* 266 N.W.2d 626, 631 (Iowa 1978), said that at least two of the requirements for the trial court to acquire jurisdiction are, "(a) a protest filed by the taxpayer;" and, "(b) acted upon by the Board; ...."

It is imperative to keep in mind that there is no question raised as to whether or not the improvements were subject to taxation. The crucial question is whether the assessment should be made against the owner or the lessee. As we will note later, there is statutory authority applicable to this issue. Therefore, plaintiffs' argument that the assessment is without statutory authority is without merit. As for the claim that the assessment is illegal, we concur with the supreme court in *City of Council Bluffs v. Pottawattamie Cty.,* 254 N.W.2d 18, 21 (Iowa 1977), when it said:

> In the case before us the tax was levied under a statute permitting the property to be assessed under certain circumstances. The dispute concerns whether such circumstances exist. Even if erroneously assessed because the statute had been misapplied, the tax would have been applied under color of statutory authority. It would not be "illegal" as that term is used in *Early* and *Jewett.* This is clearly the very type of case the statute intended to be submitted to the Board of Review in the first instance. The city's argument to the contrary is without merit.

In addition, if the assessment had been erroneously made, the Board has statutory authority to correct the error. *Id.* at 20; Iowa Code sections 441.35 to 441.37.

We conclude therefore that the district court correctly decided that it was without jurisdiction because plaintiffs had not exhausted their administrative remedies.

**II. Protest Based on Impermissible Grounds.** The district court denied plaintiff's challenge of the January 1, 1982 assessment because the protest was based upon impermissible grounds in a nonassessment year. Plaintiffs contend that the statutory authority granted to the Board of Review does not include setting aside an illegal assessment, and in the alternative, if the Board of Review can set aside an illegal assessment, it can be exercised any time.

Because we have already determined that the assessment was not illegal, plaintiff's argument on this issue is without merit. The trial court was correct in determining that plaintiffs' challenge was on impermissible grounds in a nonassessment year. *See* Iowa Code §§ 441.35, .37; 428.4; *see also Grundon Holding Corporation v. Board of Review,* 237 N.W.2d 755 (Iowa 1976).

**III. Assessment Against Lessees.** As we stated in section I of this opinion, the crucial question is whether plaintiffs, as lessees, can be assessed and taxed for the improvements made on the property in question. We also stated that there is statutory authority applicable to this issue. Iowa Code section 428.1 (1981), provides in part:

*Listing-By Whom.* Every inhabitant of this state, of full age and sound mind, shall list for the assessor all property subject to taxation in the state, of which he is the owner, or has the control or management, in the manner herein directed:

    \*    \*    \*    \*    \*    \*

6. The property under mortgage or lease is to be listed by and taxed to the mortgagor or lessor, unless listed by the mortgagee or lessee.

In addition, Iowa Code 428.4 (1981), states in part:

Any buildings erected, improvements made, or buildings removed in a year after the assessment of the class of real estate to which they belong shall be valued, listed and assessed and reported by the assessor to the County Auditor after approval of the valuations by the local Board of Review, and said auditor shall thereupon enter the taxable value of such building or taxable improvement on the tax list as a part of real estate to be taxed. If such buildings are erected by any person other than the owner of the land, it shall be listed and assessed to the owner of the buildings or improvements as real estate.

The supreme court has construed the above sections to allow for the assessment of taxes for improvements to be made against the lessor or the lessee. In *Ruan Center Corp. v. Board of Review,* 297 N.W.2d 538, 554 (Iowa 1980), the supreme court said:

As a general rule, property that is leased is listed by, and taxed to, the lessor. § 428.1(6), The Code 1975. If a *tenant* improves the real estate, by either building a new structure or adding onto an existing structure, *the tenant can be taxed* after listing the property. *Id.,* § 428.4. This statutory scheme puts the burden on the taxpayers, rather than the assessor, to decide who is going to pay taxes on real property that has been improved by someone other than the owner. It relieves the assessor of the burden of investigating whether a tenant or a lessor improved the property.

Plaintiffs argue that they did not list the property in accord with Iowa Code section 428.1(6). However, we note that the record shows that the value of the improvements were orally made known to the deputy county assessor on February 21, 1979. Evidence was also submitted that this is a common method of listing such improvements.

Based upon the authority cited above, we affirm the district court's decision that the assessor had full statutory authority in assessing the improvements to plaintiffs as lessees of the property.

We have reviewed the issues raised on appeal and we find no error in the trial court's ruling. We therefore affirm the judgment.

AFFIRMED.