**CARE INITIATIVES, f/k/a Mercy Health Initiatives, Plaintiff–Appellee,**

v.

**BOARD OF REVIEW OF WAPELLO COUNTY, Iowa, Wayne Carr, Chairperson, Defendant–Appellant.**

No. 91–1201.

Court of Appeals of Iowa.

May 28, 1992.

As Amended June 2, 1992.

R.T. Starken, Asst. County Atty., Ottumwa, for defendant-appellant.

David Swinton, and Andrew J. Bracken, Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, for plaintiff-appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This is an appeal from a determination by the trial court that plaintiff-appellee Care Initiatives was entitled to a property tax exemption under Iowa Code section 427.1(9) as a nonprofit facility for a nursing care facility, Ridgewood Care Center, in Ottumwa, Iowa. The defendant-appellant Board of Review of Wapello County Iowa, Wayne Carr, chairperson had denied Ridgewood the tax exemption, and Ridgewood appealed to the district court which reversed the Board's decision.

The Board appeals from the district court ruling contending the district court should not have (1) overruled the board's motion to dismiss, and (2) reversed the board's denial of a property tax exemption to the nursing facility. We determine the plaintiff has not met its burden of proving the property is not used with a view to pecuniary profit. We reverse the trial court and affirm the board's decision denying the exemption.

Ridgewood Care Center is owned by Care Initiatives. The property is a nursing home. Care Initiatives is managed by Brit-Will Company, a for profit corporation.

The defendant advances several grounds for denying Care Initiatives a tax exemption. One of these grounds is that BritWill Company's use of the Ridgewood Care Center as a profit generating client disqualifies the property for tax exempt status. We find this challenge to be dispositive. We find it unnecessary to address the board's other contentions.

For a property to be exempt from taxation three conditions of Iowa Code section 427.1(9) must be satisfied, the first two of which are related:

(1) The property must be *used* by a charitable institution;

(2) The property must be *used* solely for the appropriate objects of the institution; and

(3) The property must not be *used* with a view to pecuniary profit. *See Friendship Center West v. Harman,* 464 N.W.2d 455, 457 (Iowa App.1990).

Tax exemption appeals are equitable in nature. *Southside Church of Christ v. Des Moines Board of Review,* 243 N.W.2d 650, 651–52 (Iowa 1976). Our review is, therefore, *de novo.* Iowa R.App.P. 4. While we are not bound by the trial court's finding of fact, we give weight to the findings, especially when they depend upon the credibility of witnesses. Iowa R.App.P. 14(f)(7); *Friendship Center West,* 464 N.W.2d at 457.

Taxation is a legislative function. Iowa Code section 427.1 describes a number of classes of property which are exempt from taxation. These exemptions "are premised on the theory that the benefits received by the community from the (exempt property) outweigh the inequality caused by exemption of the property from taxation." *Atrium Village, Inc. v. Board of Review, Johnson County, Iowa,* 417 N.W.2d 70, 72 (Iowa 1987); *Richards v. Iowa Dep't of Review,* 414 N.W.2d 344, 351 (Iowa 1987) (exemption statutes are legislative recognition of benefits received by society and of the lessened burden on government).

In its pertinent part, the exemption statute provides:

The following classes of property shall not be taxed:

*Property of religious, literary, and charitable societies.* All grounds and buildings used ... by ... charitable, be-

nevolent, agricultural and religious institutions and societies solely for their appropriate objects ... and *not leased or otherwise used ... with a view to pecuniary profit.*

Iowa Code § 427.1(9) (1989) (emphasis in original).

 Exemption statutes are strictly construed. *Atrium Village,* 417 N.W.2d at 72. Taxation is the rule and exemption is the exception. *Congregation B'Nai Jeshurun v. Board of Review of Des Moines,* 301 N.W.2d 755, 756 (Iowa 1981). Any doubt concerning an exemption must be resolved in favor of taxation, and the burden is upon the party claiming the exemption to show the property should not be taxed. *Atrium Village,* 417 N.W.2d at 72. Institutional exemptions are viewed with more favor than exemptions to private persons. *South Iowa Methodist Homes, Inc. v. Board of Review of Des Moines,* 173 N.W.2d 526, 531 (Iowa 1970). It is the plaintiff's burden to show the property should not be taxed. *Evangelical Lutheran Good Samaritan Society v. Board of Review of Fayette County,* 267 N.W.2d 413, 414 (Iowa App. 1978).

 The actual *use* the property is put to is paramount consideration to our consideration. *See Friendship Center West,* 464 N.W.2d at 457.

There are two corporations intimately involved in the operation and management of Ridgewood. One corporation, Care Initiatives, contends it is a qualified nonprofit corporation. We need not decide whether Care Initiatives is a qualified nonprofit corporation. The second corporation, BritWill, is a for profit corporation. A third company, Ventana Investments Company, a company managed by BritWill Company, initially purchased forty-one nursing homes in the State of Iowa, including this nursing home. Ventana Investments Company simultaneously transferred the nursing homes to Care Initiatives. Duncan Graham has been the sole employee, president and chief executive officer of Care Initiatives since June 1989. BritWill has managed Care Initiatives since August 1989.

There is a contract between Care Initiatives and BritWill for the management services rendered. The contract provides all of the staff in the nursing homes are hired by BritWill and all the staff work for BritWill. But while working for BritWill, all the employees are paid by Care Initiatives. In addition to paying BritWill's employees, Care Initiatives pays BritWill $2,665,000 annually for management services for the nursing homes and an additional data processing fee of $600,000 per year. The management fee is set at the greater of $196,000 or 5 percent of the gross profits. Though BritWill employees are paid with Care Initiatives' funds, Care Initiatives has no control over the employees as far as who is hired, fired and setting rules of employment.

 The question is not whether Care Initiatives is a charitable institution. The question is whether the facility is operated as a charitable enterprise. *See Iowa Methodist Hosp. v. Board of Review of Des Moines,* 252 N.W.2d 390, 392 (Iowa 1977). The fact Care Initiatives is a nonprofit corporation does not make it a charitable or benevolent institution under Iowa Code section 427.1(9). *Dow City Senior Citizens Housing, Inc. v. Board of Review of Crawford County,* 230 N.W.2d 497, 499 (Iowa 1975). This issue of whether the property is used without a view to pecuniary profit must be decided on a case by case basis. *Id.; see also South Iowa Methodist Homes,* 173 N.W.2d at 532.

Care Initiatives, the alleged nonprofit institution, has a substantial contract for services with BritWill. The contract must be carefully scrutinized to be certain the management agreement is not just a vehicle to transfer profits from Care Initiatives, the nonprofit corporation, to BritWill, the profit corporation.

 Care Initiatives argues if we accept the board's argument the exemption should be denied because of the contract with BritWill, we would disqualify from a charitable exemption any institution that contracts with another for management services. Care Initiatives has overreacted. Any

management agreement will not necessarily disqualify an otherwise nonprofit group. However, a substantial contract such as exists here must be carefully looked at to see that it is not merely a vehicle for transferring profits.

The burden of proof is on Care Initiatives to show it is entitled to the exemption. Consequently, it is Care Initiatives' burden to demonstrate the payments to BritWill are a necessary and reasonable cost of doing business, and not in whole or in part an attempt to shift profits to BritWill so Care Initiatives appears to operate not for profit.

While presenting testimony the charges for management and computer services are reasonable, Care Initiatives has presented no evidence of the nature and extent of the management and computer services. From this record we can find no clear definition of what BritWill actually does for these substantial fees. There is no evidence of where BritWill performs these services, or how many, if any, employees they hire other than those paid directly by Care Initiatives. Care Initiatives has not met the burden necessary of persuasion. Care Initiatives has not shown by the preponderance of the evidence they are not used with a view to pecuniary profit. It clearly has not satisfied one of the three conditions necessary to be exempted under Iowa Code section 427.1(9). Having so decided, we find it unnecessary to address the board's challenge that they also fail to meet the other two conditions of the statute and that the board's motion to dismiss should not have been overruled.

We reverse the district court. We affirm the board's decision that Care Initiatives does not qualify for the exemption.

REVERSED.

SCHLEGEL, J., takes no part.