**REGIONAL RETIREMENT LIVING, INC. dba Sylvan Woods, Appellant,**

v.

**The BOARD OF REVIEW OF WAPELLO COUNTY, Iowa, Wapello County Assessor, Wapello County Iowa, Wapello County Treasurer, and Wapello County Auditor, Appellees.**

No. 98–1839.

Supreme Court of Iowa.

June 1, 2000.

David J. Dutton and Lynn M. Smith, Dutton, Braun, Staack & Hellman, P.L.C., Waterloo, for appellant.

Victoria R. Siegel, Wapello County Attorney, for appellees.

PER CURIAM.

Plaintiff, Regional Retirement Living, Inc. (Sylvan Woods), sought tax relief through the judiciary. Plaintiff's petition

was dismissed for failure to exhaust all administrative remedies. We affirm the decision of the district court.

## I. Background Facts and Proceedings

Plaintiff, Sylvan Woods, filed for a property tax exemption based on its contention it was a nonprofit corporation devoted exclusively to charitable, religious, educational, and scientific endeavors under Iowa Code section 427.1(8) (1997). Sylvan Woods' claim was timely filed on June 30, 1998 in accordance with Iowa Code section 427.1(14). On July 27 of that year, Sylvan Woods' application was denied by the Wapello County Assessor's Office. Sylvan Woods lodged an appeal with the district court, which was subsequently dismissed on the ground plaintiff failed to exhaust its administrative remedies, thereby relieving the district court of the authority to hear the matter.

Plaintiff appeals, asserting the administrative procedures in question were inapplicable, and that compliance was unrealistic.

## II. Scope of Review

■ A plaintiff's failure to exhaust an administrative remedy deprives the district court of authority to rule on the case. *State v. Clark*, 608 N.W.2d 5, 7 (Iowa 2000); *Shors v. Johnson*, 581 N.W.2d 648, 650 (Iowa 1998). Questions of jurisdiction, venue, and authority of the district court are legal issues reviewed for correction of errors at law. *Clark*, 608 N.W.2d at 7; *Shors*, 581 N.W.2d at 650.

## III. Discussion

Upon fulfillment of specific criteria, Iowa Code section 427.1(8) exempts from taxation property owned by religious, literary, and charitable organizations. *See* Iowa Code § 427.1(8). To avail themselves of this exemption, organizations

shall file with the assessor not later than July 1 a statement upon forms to be prescribed by the director of revenue

and finance, describing the nature of the property upon which the exemption is claimed and setting out in detail any uses and income from the property derived from rentals, leases, or other uses of the property not solely for the appropriate objects of the society or organization.

*Id.* § 427.1(14).

Plaintiff complied with these requirements and was denied an exemption. At issue is whether Sylvan Woods' appeal of that decision was appropriately filed with the district court, or whether its failure to exhaust other administrative remedies precluded the court from hearing the matter.

■ It is well established that a party must exhaust any available administrative remedy before seeking relief in the courts. *Shors*, 581 N.W.2d at 650. This doctrine applies when (1) an adequate administrative remedy exists, and (2) the governing statute requires the remedy to be exhausted before allowing judicial review. *Id.*

Iowa Code section 441.37 provides:

1. Any property owner or aggrieved taxpayer who is dissatisfied with the owner's or taxpayer's assessment may file a protest against such assessment with the board of review on or after April 16, to and including May 5, of the year of the assessment.... Said protest must be confined to one or more of the following grounds:

. . .

c. That the property is not assessable, is exempt from taxes, or is misclassified and stating the reasons for the protest.

■■ This statute is directly applicable to claims of the nature advanced by plaintiff. *See City of Council Bluffs v. Pottawattamie County*, 254 N.W.2d 18, 20 (Iowa 1977) [hereinafter *Pottawattamie*] (city seeking exemption of property from the tax rolls must appeal to review board). The board of review was created by the legislature for the express purpose of addressing complaints regarding the classification and assessment of property.

*Griswold Land & Credit Co. v. Calhoun County*, 198 Iowa 1240, 1242, 201 N.W. 11, 12 (1924). Such complaints must be heard by the board before judicial relief may be had. *Pottawattamie*, 254 N.W.2d at 20. Its jurisdiction in these matters is exclusive of all other remedies allowed by law. *Griswold*, 198 Iowa at 1242, 201 N.W. at 12.

██ The difficulty with which we are confronted lies in the apparent discrepancy between sections 441.37 and 427.1(14). Under the latter statute, organizations have until July 1 to petition the county for an exemption. Iowa Code § 427.1(14). Appeals, however, must be submitted by May 5. *Id.* § 441.37. Section 441.37 makes no provision for the appeal of a denied application filed between May 5 and July 1. For this reason, plaintiff asserts no adequate administrative remedy exists, and that it should therefore be permitted to pursue relief through the courts.

In response, the board claims the two statutes are independent of one another. It posits an aggrieved entity, which receives notification of a tax liability at the beginning of the year, may automatically file an appeal between April 16 and May 5, regardless of whether the entity has complied with section 427.1(14), which the board describes as an unrelated filing requirement.

██ There is merit to the board's contention. Moreover, section 427.1(14) may be construed as an extended deadline by which to pray for an exemption. Thereunder, a party may wait to file its application until July 1. In exercising this option, however, that party is voluntarily waiving any recourse it may have had under section 441.37. Failure to exhaust this remedy constitutes a waiver of the right to seek redress from the courts. *See Pottawattamie*, 254 N.W.2d at 22; *Griswold*, 201 N.W. at 12.

Plaintiff had an opportunity to lodge an appeal prior to May 5. Instead, it decided to file its request for a tax exemption under Iowa Code section 427.1(14) after May 5. In doing so, Sylvan Woods chose not to take advantage of the primary administrative remedy at its disposal. It thus waived its right to an appeal of the present controversy. The decision of the district court dismissing this case is affirmed.

**AFFIRMED.**

All justices concur except LAVORATO, J., who takes no part.