**Lawrence E. deWEESE and Martha May deWeese, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 67–60.**

United States District Court
D. Oregon.

Oct. 19, 1967.

Thomas B. Brand, Brand, Lee & Scott, Salem, Or., for plaintiffs.

Mitchell Rogovin, Asst. Atty. Gen., Jerome Fink, Robert Livingston, Edward O. C. Ord, Attys., Dept. of Justice, Washington, D. C., Sidney I. Lezak, U. S. Atty., Portland, Or., for defendant.

OPINION

SOLOMON, Chief Judge:

Lawrence E. deWeese and Martha May deWeese sued the United States to recover $555.98 plus interest for income taxes paid for 1962.

On September 17, 1961, the plaintiffs' minor son was killed. Lawrence E. deWeese was appointed administrator of his son's estate. The estate reported no income and showed administrative costs of $4,500.00 for attorney's fees. The parties agree that $3,825.99 of this amount was incurred as attorney's fees in obtaining an $18,000.00 settlement for a wrongful death claim. The settlement was not reported as income by the plaintiffs or by the estate. Section 104(a)(2) of the Internal Revenue Code of 1954. The estate return showed a loss of $4,500.00.

Pursuant to section 642(h) of the Internal Revenue Code of 1954,[1] the plain-

1. Section 642(h) provides:
   "If on the termination of an estate or trust, the estate or trust has—

"(2) for the last taxable year of the estate or trust deductions * * * in excess of gross income for such year,

tiffs deducted $2,250.00 from their 1962 joint return. (Emily deWeese, the other beneficiary who deducted the remaining $2,250.00, is not a party to this action.) The Internal Revenue Service disallowed the amount paid for legal fees incurred in the wrongful death recovery and assessed plaintiffs a tax of $555.98. Plaintiffs paid the assessed tax and brought this action for a refund.

Under Oregon law, a recovery for wrongful death may be sought by the parent of the deceased, ORS 30.020, or by the estate of the deceased, ORS 30.010.

Plaintiffs contend that the wrongful death recovery was received by the estate, that the legal fees were a proper deduction for the estate, and that they are entitled to this deduction on their joint return.

The plaintiffs rely on section 212 of the Internal Revenue Code of 1954 which allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income. Regulation 1.212–1(i) provides:

> "Reasonable amount paid by the fiduciary of an estate or trust on account of administration expenses, including fiduciaries' fees and expenses of litigation, which are ordinary and necessary in connection with the performance of the duties of administration are deductible under section 212, notwithstanding that the estate or trust is not engaged in a trade or business, except to the extent that such expenses are allocable to the production or collection of tax-exempt income."

Section 265 of the Internal Revenue Code of 1954 provides that no deduction is allowable for expenses allocable to income which is exempt from taxation. The fact that the money was paid to the estate does not aid the plaintiffs.

The legal fees were not expended for the production or collection of income.

then such * * * excess shall be allowed as a deduction, in accordance with regulations prescribed by the

Even if they were, the income produced was tax exempt. The plaintiffs properly excluded the $18,000.00 recovery from the estate and from their own income; at the same time they are attempting to deduct from their other income the attorney's fees expended to secure this tax-exempt settlement. Section 212 does not permit such a deduction and section 265 expressly prohibits it.

There is no merit in the plaintiffs' claim, and it is denied.

This opinion shall constitute findings of fact and conclusions of law pursuant to Rule 52(a) Fed.R.Civ.P.

Secretary or his delegate, to the beneficiaries succeeding to the property of the estate or trust."