IOWA HEALTH SYSTEMS AGENCY, INC., and Iowa State Department of Health, Appellants,

v.

James A. WADE and Byron Orton, Appellees,

and

Northwest Community Hospital, Intervenor-Appellee.

No. 66884.

Supreme Court of Iowa.

Dec. 22, 1982.

Thomas J. Miller, Atty. Gen., Jeanine Freeman, Asst. Atty. Gen., and Robert F. Holz, of Davis, Hockenberg, Wine, Brown & Kuehn, Des Moines, for appellants.

Robert J. Baudino, Jr. of Neiman, Neiman, Stone & Spellman, P.C., Des Moines, for intervenor-appellee.

Considered by LeGRAND, P.J., and UHLENHOPP, McCORMICK, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

The Northwest Community Hospital of Des Moines proposed to build a new facility

in West Des Moines. Under a federal reimbursement procedure, it sought reimbursement in the amount of approximately $21,000,000 for interest and depreciation expenses incident to the project. Under federal law, detailed studies of need and cost are required at the state level before the reimbursement request will be acted upon. In Iowa, the Department of Public Health is the agency responsible for conducting the necessary feasibility study at the state level. The feasibility study involves a complex system, including a federal-state contract outlining the procedures to be followed, and a maze of studies, polls, hearings and review hearings. In this case it was determined by a review hearing officer that an earlier recommendation disapproving Northwest's proposed move had been affected by bias and prejudice and a remand to the study committee was ordered. After remand the study committee recommended the reimbursement. The Commissioner of Public Health, however, rejected that recommendation and disapproved the application for reimbursement. The commissioner's decision was appealed to a hearing officer, who reversed on the ground the commissioner's ruling was not supported by substantial evidence. The Iowa State Department of Public Health and the Iowa Health Systems Agency, Inc., study committee for the department, sought judicial review. The Northwest Community Hospital intervened to support the rulings of the review officers. The district court affirmed, and the petitioners appealed. We reverse.

On appeal, the Department of Health and the Health Systems Agency contend that (1) the original committee recommendation of disapproval should not have been overturned by the hearing officer on the ground it was affected by the alleged bias and prejudice of one of its advisory committees, and (2) that the disapproval by the commissioner of health was supported by substantial evidence. Because we hold there was sufficient evidence to support the commissioner's order of disapproval, we do not reach the issue of whether the earlier reversal of the committee recommendation of disapproval was proper.

It is not necessary for us to recite all of the relevant evidence, which is voluminous, nor to outline all of the procedures contemplated by the state and federal statutes and administrative rules to implement the reimbursement procedure. The Iowa State Department of Health is a state agency, subject to the Iowa Administrative Procedure Act, Iowa Code chapter 17A, and the decision of its commissioner is binding here unless, as the review-hearing officer concluded, his decision was not supported by the record. All parties concede this.

The rules for review of agency action are well-established. Our review is at law, not de novo, *Ward v. Iowa Department of Transportation*, 304 N.W.2d 236, 237 (Iowa 1981); *City of Davenport v. Public Employment Relations Board*, 264 N.W.2d 307, 311 (Iowa 1978); *Hoffman v. Iowa Department of Transportation*, 257 N.W.2d 22, 25 (Iowa 1977). A petitioner may obtain relief from an administrative action if it is "unsupported by substantial evidence in the record made before the agency when that record is viewed as a whole," Iowa Code section 17A.19(8)(f). While our review of an agency determination must be distinguished from review of a verdict in that we consider all of the evidence, that which preponderates against the decision as well as that which supports it, *City of Davenport*, 264 N.W.2d at 312, we must accord proper respect for the expertise of the administrative agency. *Id.* "Substantial evidence" under this standard is that which a reasonable mind would accept as adequate to reach a given conclusion. *Id.* at 311.

Under this rule, one commentator has said that

[s]ubstantial evidence is such evidence as might lead a reasonable person to make a finding. The evidence in support of a fact-finding is substantial when from it an inference of existence of the fact may be drawn reasonably. In such a case, the reviewing court must uphold the finding, even if it would have drawn a contrary

inference from the evidence. "Choice lies with the Board and its finding is supported by the evidence and is conclusive where others might reasonably make the same choice."

B. Schwartz, *Administrative Law* § 210, at 595 (1976) (footnotes omitted).

With these principles in mind, we have examined the record made before the agency to assess the support, or lack of it, for the commissioner's ruling. To say the record is voluminous is an understatement. These proceedings have extended over a period of several years, and include numerous surveys, studies, recommendations, and hearing records.

The four criteria for approval of a project are provided by Iowa's Office for Comprehensive Health Planning:

A. *Need Criteria.*

Is there evidence that the proposed project is needed, or projected as necessary to meet the verified needs of the people in the area in terms of health services required?

B. *Manpower Criteria.*

Is there evidence that the proposed project can be adequately staffed and operated when completed?

C. *Economic Feasibility.*

Is there evidence that the proposed project will be economically feasible and can be accommodated in the patient charge structure of the health care facility or facilities in the area without unreasonable increases?

D. *Cost Containment/Cost Effectiveness or Improved Quality.*

Is there evidence that the proposed project will foster cost containment and promote cost effective factors or improve the quality of care?

Under each of the criteria are several "indicator" questions to be considered in making the decision on each of the four main criteria.

In accordance with the review rules, a negative response to any of the four criteria questions will result in disapproval of the project. The commissioner of health concluded that there was no question as to Northwest's ability to meet the manpower criterion, but that it failed the other three: need, feasibility, and cost containment or improved quality. He entered detailed fact findings to support those conclusions.

Northwest's burden in upsetting this decision was substantial. Because the agency's rules require an affirmative response to all of the approval criteria, Northwest had to demonstrate that none of the three criteria determinations were supported by the record.

A. *Need.*

The record regarding the need for the relocated facility was conflicting. The commissioner found, and record evidence showed, that: the services proposed to be furnished by Northwest were already being furnished by other Des Moines area hospitals; overall occupancy rates of Northwest were the lowest in the city and showed a downward trend; similar Des Moines area services were not being utilized to full capacity; a survey of residents of the new area showed satisfaction with existing facilities; and projected population increases in the proposed area involved Des Moines residents who were moving west, and most of them would continue to use their previous doctors and hospitals. The commissioner's conclusion was that "[t]here may be an institutional need [for this relocation] but there exists no area need for this project."

B. *Economic Feasibility.*

The commissioner found that Northwest's move was not economically feasible. His decision was supported by evidence of Northwest's low occupancy rate and that it would decline further, by the projected cost-ratio charge which indicated a large burden would be imposed on private-pay patients, and by evidence that Northwest was not funding depreciation but, in effect, using depreciation to pay its indebtedness.

C. *Cost Effectiveness or Improved Quality.*

The commissioner concluded that less expensive alternatives to the new site had not

been adequately presented. He noted the present building was Medicare-approved and accredited and, while institutional benefits would accrue, the project was "a luxury purchased at the expense of consumers because the project does not fill an *unmet* need."

We conclude there was substantial evidence to support the commissioner's conclusion on each of the elements of need, feasibility, and cost containment. While there was also evidence from which the commissioner could have drawn a contrary conclusion, that is not the nature of our inquiry. We only determine whether there was substantial support for the conclusion he *did* reach. *Ward,* 304 N.W.2d at 237–38; *Schwartz, supra,* at 595.

The review officer on the administrative appeal and the district court on judicial review erred in finding there was no substantial evidence to support the commissioner's decision. The case is remanded for entry of an order by the district court directing the review officer to affirm the action of the commissioner.

REVERSED AND REMANDED.