**IOWA WEST RACING ASSOCIATION, Appellee,**

v.

**IOWA DEPARTMENT OF REVENUE, Appellant.**

No. 87–520.

Supreme Court of Iowa.

April 13, 1988.

---

Thomas J. Miller, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and Marcia Mason, Asst. Atty. Gen., for appellant.

James A. Campbell and Randall J. Shanks of The Peters Law Firm, P.C., Council Bluffs, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Respondent, Iowa Department of Revenue (department), appeals the district court's ruling on judicial review which allowed a property tax exemption to the petitioner, Iowa West Racing Association, on its property used as a dog racing facility. We reverse.

I. *Background facts and procedures.* Iowa West Racing Association (Iowa West) is a nonprofit corporation organized for the purpose of operating a dog racing track. Pursuant to Iowa Code section 99D.9 (1985), Iowa West is licensed to conduct pari-mutuel wagering on dog races. As a licensee, Iowa West is required by Iowa Code chapter 99B to distribute its net profits to charitable, public, patriotic or other philanthropic organizations.

In 1985, Iowa West sought and was granted a property tax exemption for its race track facility by the Pottawattamie County board of review. *See* Iowa Code §§ 427.1(9), (10) and (23). The director of the Iowa Department of Revenue challenged that exemption pursuant to Iowa Code section 427.1(26). An evidentiary hearing was set on the matter before a departmental hearing officer. *See* Iowa Code § 17A.12; 750 Iowa Admin.Code 7.14. The case was submitted to the hearing officer on stipulated facts.

The hearing officer's proposed order found that Iowa West's property did not qualify for a property tax exemption under Iowa Code section 427.1(9) and revoked the exemption. Upon Iowa West's appeal, under Iowa Code section 17A.15(3), the director of the department affirmed the hearing officer's decision. *See* Iowa Code § 427.1(26).

Iowa West then filed a petition for judicial review in district court under Iowa Code sections 17A.19 and 427.1(26). After submission of briefs, the district court reversed the director's decision and concluded that the property tax exemption should be granted to Iowa West. The department filed this appeal. Iowa Code § 17A.20.

The district court, exercising its power under Iowa Code section 17A.19(8), acted as an appellate court to review for errors of law on the part of the agency. *Northwestern Bell v. Iowa State Commerce Comm'n*, 359 N.W.2d 491, 495 (Iowa 1984); Iowa R.App.P. 4. Our review of the district court's action is governed by the same standards. *Id.* As such, we look for substantial evidence in the record to support the director's order, giving proper respect to the expertise of the administrative agency. *Iowa Health Sys. Agency, Inc. v. Wade*, 327 N.W.2d 732, 733 (Iowa 1982); Iowa Code § 17A.19(8)(f).

II. *Property tax exemption.* We are asked to determine whether a race track facility licensed pursuant to Iowa Code section 99D.9 is eligible for a property tax exemption under Iowa Code section 427.-1(9). Our previous opinions construing section 427.1(9) have not dealt with statutorily created organizations, making this question one of first impression.

Facts concerning the organization of petitioner and its use of the property are not in dispute. Iowa West is licensed pursuant to Iowa Code chapter 99D, the Iowa Pari–Mutuel Wagering Act. To be eligible for a license under this chapter, an organization must promote the purposes enumerated in Iowa Code section 99B.7(3)(b). *See* Iowa Code §§ 99D.8, 99D.9. Section 99B.7(3)(b) states in part:

> [A] qualified organization shall certify that the receipts of all games, less reasonable expenses, charges, fees, *taxes,* and deductions allowed by this chapter will be dedicated and distributed to educational, civic, public, charitable, patriotic or religious uses in this state....

(Emphasis added.)

Iowa West distributes its net profits gathered from admission fees charged to persons using the track, wagers placed on the dog races, and general operation of the track according to these enumerated purposes. It therefore claims to be eligible for a property tax exemption under Iowa Code section 427.1(9). The following property is exempt from property taxation under section 427.1(9):

> All grounds and buildings used or under construction by literary, scientific, charitable, benevolent, agricultural, and religious institutions and societies solely for their appropriate objects, not exceeding three hundred twenty acres in extent and *not* leased or otherwise *used* or under construction *with a view to pecuniary profit.*

(Emphasis added.)

We look first to traditional analysis of property tax exemption statutes. The rules of construction applicable to tax exemption statutes are well established.

Those statutes are strictly construed with any doubt resolved in favor of taxation and against exemption. The party seeking exemption has the burden of proving that the property in question falls within the exemption statute. The objects and purposes of the organization as declared in its articles of incorporation or other founding papers are not controlling in determining the question of exemption. That question must be determined by the actual use to which the property is committed. Our recent decisions construing section 427.1(9) have tightened the exemption.

*Parshall Christian Order v. Board of Review,* 315 N.W.2d 798, 801 (Iowa 1982) (citations omitted).

A. *Traditional view.* While Iowa West's *activities* may benefit philanthropic causes, the *property* is used to facilitate pari-mutuel gambling with a view toward pecuniary profit. We have repeatedly concluded that the laudable goals of nonprofit organizations do not qualify them for property tax exemptions when those organizations use their *property* for other than direct charitable purposes.

In *Iowa Lakes Foundation v. Board of Review of Emmet County,* 387 N.W.2d 377, 380–81 (Iowa App.1986), a nonprofit foundation offering needed student housing for a local college applied for a property tax exemption under section 427.1(9). Looking for guidance in several analogous cases dealing with housing for the elderly decided by this court, the court of appeals noted that the determinative factor in our cases was whether any gratuitous services were provided by the organization to indigents so that the organization was engaged in a charitable activity. *Id.* at 379; *see also Atrium Village Inc. v. Board of Review,* 417 N.W.2d 70, 72–73 (Iowa 1987) (reviewing past cases on nonprofit organizations offering housing to the elderly and denying an exemption to Atrium Village because of rents charged to cover maintenance of facility). Despite the fact that any profits from the Iowa Lakes Foundation were to be turned over to the local college upon dissolution of the foundation, the property tax exemption was denied. *Cf. Iowa Meth-*

*odist Hosp. v. Board of Review*, 252 N.W. 2d 390, 392 (Iowa 1977) ("We are not concerned with whether the hospital itself is a charitable institution. Our sole interest is whether the hospital operates the nursing home as a charitable enterprise.").

The use made by Iowa West of its property is not significantly different from other nonprofit institutions which have failed to obtain tax exemptions under section 427.1(9). Had the nonprofit corporations in the above cases owned buildings which they rented out at a profit and then used that profit to subsidize free housing to senior citizens in other buildings, the buildings rented for the purpose of obtaining financial profit would be subject to property tax. This is in essence what Iowa West is doing. The question here does not concern an income or profit tax; it concerns a property tax. Therefore, we look to the use made of the property. Iowa West operates the racetrack as a profit-generating facility, not as a charitable enterprise. *See South Iowa Methodist Homes, Inc. v. Board of Review*, 173 N.W.2d 526, 532 (Iowa 1970) (surveying various definitions of "charity" including "those institutions that are established to relieve pain, to prevent suffering, and to do good to mankind in general").

B. *No exemption from property tax in chapter 99D.* Iowa West contends, however, that because it was authorized by chapter 99D, unlike other nonprofit organizations, our prior decisions have little bearing on this case. Looking to Iowa Code chapter 99D, we find nothing to persuade us that the legislature intended that licensed racing facilities be exempt from property taxes.

We note first that the statutory language does not preclude property tax. Section 99B.7(3)(b), as quoted above, requires an organization to dedicate its receipts, "less reasonable expenses, charges, fees, *taxes*, and deductions" to various causes. (Emphasis added.) Chapter 99D limits certain additional taxes that may be levied upon a licensee of that chapter in subsections 99D.14(4) and (5) as follows:

4. No other license tax, permit tax, occupation tax, or racing fee, shall be levied, assessed, or collected from a licensee by the state or by a political subdivision, except as provided in this chapter.

5. No other excise tax shall be levied, assessed, or collected from the licensee on ... dog racing, pari-mutuel wagering or admission charges by the state or by a political subdivision, except as provided in this chapter.

Property taxes are not included in this fairly extensive list. When chapter 99D was enacted, *see* 1983 Iowa Acts chapter 187, the state of the law on property tax exemptions was settled. The legislature did not state that pari-mutuel betting establishments were to be an exception to existing property tax exemption law.

C. *Use of profits.* The different lists of organizations eligible for benefits in sections 99B.7(3)(b) and 427.1(9) provide further evidence that the legislature did not intend to exempt racing facilities from property taxation. While section 99B.7(3)(b) allows excess racing profits to be donated for educational, *civic*, public, charitable, patriotic or religious uses (emphasis added), section 427.1(9) limits tax exemptions to property used for literary, scientific, charitable, benevolent, agricultural, and religious institutions. These lists do not entirely coincide. Pari-mutuel wagering profits, therefore, can be donated to groups that are not themselves eligible for property tax exemptions even when those groups use their own property solely to advance their objectives with no view to pecuniary profit.

For example, section 99B.7(3)(b) includes donations to political parties within the definition of "public uses." Political parties are not literary, scientific, charitable, benevolent, agricultural or religious institutions under section 427.1(9). Thus, licensees under section 99D.9 may donate to political groups ineligible for property tax exemptions under section 427.1(9). Allowing property tax exemptions to organizations that can donate their profits to groups not eligible for property tax exemptions defeats the purpose of such exemptions stat-

ed in the express language of section 427.-1(9). This was not the legislature's intention.

III. *Disposition.* We find our traditional analysis under Iowa Code section 427.1(9) applicable to licensees under chapter 99D. Iowa West is not eligible for a property tax exemption. The judgment of the district court is reversed and the decision of the director of the department of revenue is reinstated.

REVERSED.