**P.L. NYMANN, Appellant,**

v.

**IOWA DEPARTMENT OF REVENUE AND FINANCE, Appellee.**

No. 90–102.

Supreme Court of Iowa.

Feb. 20, 1991.

P.L. Nymann, Sioux City, pro se.

Thomas J. Miller, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and James D. Miller, Asst. Atty. Gen., for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

In this appeal we must determine if attorney fees and court costs incurred in a wrongful death claim settlement are deductible expenses for income tax purposes by a beneficiary of the estate of the decedent. The district court on judicial review upheld the denial of the deduction. We affirm.

P.L. Nymann claimed a deduction of $38,-472 as attorney fees and legal costs on his

1986 Iowa individual tax return. The Iowa Department of Revenue and Finance (department) disallowed the deduction. Nymann filed a protest and also paid $4,261.01, the amount of tax in controversy, plus interest and penalty. The administrative law judge entered an order affirming the department's income tax assessment. This order became the final order of the department after thirty days. Iowa Code § 17A.15(3) (1985). Nymann filed a petition for judicial review. He claimed the department's action was affected by error of law. After the district court affirmed the department's order, Nymann filed this appeal.

I. *Scope of Review.*

Judicial review of the actions of the department is governed by the Iowa Administrative Procedure Act. *See* Iowa Code §§ 17A.19(8), 422.55; *Klien v. Department of Revenue & Fin.*, 451 N.W.2d 837, 839 (Iowa 1990). The district court acts as an appellate court to review for errors of law on the part of the agency. *Iowa West Racing v. Department of Revenue*, 421 N.W.2d 880, 881 (Iowa 1988). Our review of the district court's action is governed by the same standard. *Id.* We extend only little deference to the agency on matters of law because law issues are determinable by the judiciary alone. *See Norland v. Iowa Dep't of Job Serv.*, 412 N.W.2d 904, 908 (Iowa 1987). In judicial review of a contested case proceeding, the court is limited to the record made before the agency. Iowa Code § 17A.19(8)(f). *Hope Evangelical Lutheran Church v. Iowa Dep't of Revenue & Fin.*, 463 N.W.2d 76, 79 (Iowa 1990).

II. *Facts.*

P.L. Nymann is a practicing attorney in Sioux City, Iowa. In 1982 he purchased an automobile insurance policy from Hartford Accident & Indemnity Company (Hartford). The policy defined a covered person to include any family member. A family member was defined to mean a person related by blood who is a resident of the household. The policy provided covered persons with uninsured motorist coverage.

P.L. Nymann's son, Jon Robert, was killed on October 22, 1982, when he was struck by an uninsured automobile. At the time of his death, Jon was eighteen years old and a college student at the University of Wyoming. His mother, Charmaine Nymann, resided in Colorado Springs, Colorado. P.L. Nymann and Charmaine Nymann had been divorced since 1979. They were Jon's sole heirs.

P.L. Nymann was appointed administrator of Jon's estate, and he secured authority to employ legal counsel to prosecute a wrongful death action. Counsel for the estate filed suit against the owner and driver of the vehicle that struck Jon and also made claim for damages under the uninsured motorist provisions of the auto insurance policy issued to P.L. Nymann by Hartford. Hartford filed a petition in equity for declaratory judgment to determine if the policy provisions would apply to Jon. This action was tried and a judgment entered which held there was uninsured motorist coverage for Jon under the policy issued to P.L. Nymann by Hartford. After this judgment was entered Hartford paid $193,000 in settlement of the wrongful death claim.

The settlement proceeds were held by the administrator as an asset of the estate and upon closing the estate the net proceeds were distributed in equal shares to Jon's parents. Attorney fees and legal costs were paid by the administrator of the estate and reported as deductible estate expenses. The final fiduciary income tax return reported $38,471.80 excess itemized deductions being distributed to P.L. Nymann. It is this deduction that Nymann reported on his individual income tax return that was disallowed by the department.

III. *Legal Issues.*

In Iowa a taxpayer is permitted to deduct from net income miscellaneous expenses that are deductible for federal income tax purposes under the Internal Revenue Code of 1954 as amended. Iowa Code § 422.9(2). Nymann relies upon section

212 of the Internal Revenue Code as authority for his deduction of attorney fees and court costs. He specifically claims subsection two is applicable.

Relying upon section 212, the federal regulations, and *deWeese v. United States*, 276 F.Supp. 901 (D.Or.1967), the administrative law judge concluded neither subsection 1 nor 2 of section 212 would permit the deduction. Section 212 provides in part:

*Expenses for Production of Income*

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—(1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income;

The regulations provide in part:

Reasonable amounts paid or incurred by the fiduciary of an estate or trust on account of administration expenses, including fiduciary fees and expenses of litigation, which are ordinary and necessary in connection with the performance of the duties of administration are deductible under section 212, notwithstanding that the estate or trust is not engaged in a trade or business, except to the extent that such expenses are allocable to the production or collection of tax-exempt income.

26 C.F.R. § 1.212–1(i).

Expenses paid or incurred in defending or perfecting title to property, in recovering property (other than investment property and amounts of income which, if and when recovered, must be included in income), or in developing or improving property, constitute a part of the cost of the property and are not deductible expenses.... Expenses paid or incurred in protecting or asserting one's right to property of a decedent as heir or legatee, or as beneficiary under a testamentary trust, are not deductible.

26 C.F.R. § 1.212–1(k).

In *deWeese*, the parents made a wrongful death claim as administrators of their son's estate. They obtained an $18,000 settlement for the claim. The estate reported the attorney fees relating to the settlement as deductible as administrative costs. The Internal Revenue Service denied a deduction of the attorney fees by the beneficiaries on their individual income tax return. The taxpayers relied on section 212 to support their deduction. On appeal the court concluded:

Section 265 of the Internal Revenue Code of 1954 provides that no deduction is allowable for expenses allocated to income which is exempt from taxation. The fact that money was paid to the estate does not aid the plaintiffs. The legal fees were not expended for the production or collection of income. Even if they were, the income produced was tax exempt. The plaintiffs properly excluded the $18,000 recovery from the estate and from their own income; at the same time they are attempting to deduct from their other income the attorney's fees expended to secure this tax exempt settlement. Section 212 does not permit such a deduction and section 265 expressly prohibits it.

*Id.* at 902.

The administrative law judge recognized that Nymann relied upon subsection 2 rather than subsection 1 but found "this was a difference without legal significance in that under either section the deduction is not allowed for expenses allocated to income which is exempt from taxation."

The district judge reached the same legal conclusion. The court noted that as a practical matter, the expenditure for attorney fees and court costs were for the acquisition of income-producing property, relying upon *Weinstein v. United States*, 420 F.2d 700, 190 Ct.Cl. 437 (1970).

### IV. *Nymann's Argument.*

Nymann urges section 212(1), section 265, and *deWeese* relate to the production or collection of income, not to the management, conservation, or maintenance of property. He challenges the district court's reliance on *Weinstein* because this reason for affirmance was not raised by the department.

Nymann admits the recovery he sought as administrator was in the nature of a wrongful death claim and that the settlement of $193,000 was neither taxable income nor a taxable asset of the estate. He urges a wrongful death claim is a property interest. He also argues the insurance policy was property held by him and that the attorney fees were incurred for the management, conservation, or maintenance of his property.

## V. *Discussion.*

The taxpayer has the burden of establishing the right to deduct the attorney fees and legal costs as an allowable expense under subsection 212(2). A taxpayer must show the department's assessment was erroneous. *Richards v. Iowa Dep't of Revenue*, 360 N.W.2d 830, 831 (Iowa 1985). Under subsection 212(2) the taxpayer must establish that the attorney fees and legal costs were paid or incurred for the management, conservation, or maintenance of property *held for the production of income.* We must determine if there is a sound factual and legal basis for the department's decision.

■ Nymann does not dispute on appeal the department's factual findings. He challenges the department's interpretation of subsection 212(2) and the district court's statutory interpretation based upon consideration of any theory or contention not raised at the administrative level. The department's interpretation focused upon the tax-exempt nature of the wrongful death claim settlement, whether it be treated as income or property. The district court, in its interpretation of subsection 212(2), agreed with the department and also recognized that the statute required the attorney fees and legal costs be incurred for property the taxpayer held, not for the taxpayer's acquisition of income-producing property. Because the interpretation of a statute is a question of law, *Iowa Bankers v. Iowa Credit Union Dep't*, 335 N.W.2d 439, 443 (Iowa 1983), we, like the district court, determine the question independent of the determination made by the department. We, like the department, consider the statutory language, the regulations, and relevant reported court decisions. In our review of this legal issue, we are not limited to the theories or contentions raised at the administrative level.

Prior to 1942, expenses incurred for the production of income which could not meet the strict standards of "business" expenses were not deductible from gross income. To remedy this situation Congress enacted what is essentially section 212. *Woodward v. Commissioner of Internal Revenue*, 410 F.2d 313, 317 (8th Cir.1969). Capital expenditures are not deductible under section 212. *Id.* at 318. Expenses incurred in acquiring property are capital expenditures. *Id.* Section 212 was not designed to allow tax deductions for the preservation of one's net worth. *Id.* The policy behind regulation 26 C.F.R. section 1.212–1(k) is that expenses incurred in acquiring income-producing property are "part of the costs of the property," *id.*, and are therefore treated as nondeductible capital expenditures. *Burch v. United States*, 698 F.2d 575, 577 (2d Cir.1983). The test for deductibility of legal fees under section 212 is ordinarily an objective one, looking at the "origin" or "character" of the claim litigated rather than the subjective "purpose" of the taxpayer in pursuing it. *Id.* at 577–78. *See also Woodward v. Commissioner of Internal Revenue*, 397 U.S. 572, 577, 90 S.Ct. 1302, 1306, 25 L.Ed.2d 577, 582–583 (1970); *United States v. Gilmore*, 372 U.S. 39, 48, 83 S.Ct. 623, 628, 9 L.Ed.2d 570, 576 (1963).

## VI. *Conclusion.*

■ The attorney fees and legal costs were incurred and related directly to the wrongful death claim. Damages recovered for wrongful death are disposed of as personal property belonging to the estate of the decedent. Although this wrongful death claim may be considered property in the estate as urged by Nymann, it was not held for the production of income. Likewise, although the insurance policy purchased by Nymann was property, it was not held for the production of income. Ny-

mann has failed to show the department's assessment was erroneous.

AFFIRMED.