CITY OF OSKALOOSA, Iowa,
A Municipal Corporation,
Appellee,

v.

The BOARD OF REVIEW OF the CITY OF OSKALOOSA; County of Mahaska, Iowa; Charles Augustine, Chairperson; Dirk Van Gorp, Member; Max Speas, Member; and Darrell Denney, Member, Appellant.

No. 91–1160.

Supreme Court of Iowa.

Oct. 21, 1992.

Rehearing Denied Nov. 25, 1992.

Scott Campbell, Oskaloosa, for appellant.

James M. Hansen of Clements, Pabst, Hansen & Maughan, Oskaloosa, for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

The Board of Review of the City of Oskaloosa, County of Mahaska, Iowa (hereinafter "Board"), has appealed a district court decision on an issue of property tax exemp-tion. The court found that a building owned by the City and leased to the United States Postal Service is exempt under Iowa Code sections 403.11(2) and 427.1(2) (1991). We reverse and remand.

The case reaches us on stipulated facts. In 1989 the City of Oskaloosa desired to redevelop a portion of its central business district in accordance with an urban renewal plan adopted under Iowa Code chapter 403. The proposed redevelopment area included a building then being used as the post office for Oskaloosa. The building was privately owned and leased by the United States Postal Service.

Because the postal service is an agency of the federal government, the City could not condemn the property. Postal service officials eventually agreed, however, to surrender their lease if comparable facilities were made available elsewhere on the same terms. In order to advance its redevelopment plan, the City elected to build a new post office building in a different location and lease it to the postal service. That made way for the demolition of the former post office building and, in its place, the construction of a K Mart store with a minimum assessed value of $3.4 million.

The new post office building cost the City $622,000. It financed the construction through the sale of general obligation bonds. Debt service attributable to the building in fiscal year 1990–91 cost the City $75,842.85. Lease payments realized from the postal service during the same time period totaled $40,964.32.

The Board subsequently determined that the new City-owned post office building was not exempt from property taxes. It valued the property at $500,000 and assessed taxes accordingly.

The City challenged the assessment in district court, and the district court reversed the Board's decision. The court ruled that the urban renewal property exemption of Iowa Code section 403.11(2) applied, as well as the municipal property exemption of section 427.1(2). On appeal the Board challenges both the legal and factual basis for these conclusions.

Our review of this action, tried in equity, is de novo. *Atrium Village, Inc. v. Board of Review, Johnson County*, 417 N.W.2d 70, 72 (Iowa 1987).

I. The district court ruled that because the City's action was authorized by resolution adopted in accordance with its urban renewal plan, the new post office building is exempt from property tax under Iowa Code section 403.11(2). That section, which is part of a comprehensive statute governing urban renewal projects, provides:

> The property of a municipality, acquired or held for the purposes of this chapter, is declared to be public property used for essential public and governmental purposes, and such property shall be exempt from all taxes of the municipality, the county, the state, or any political subdivision thereof: Provided, that such tax exemption shall terminate when the municipality sells, leases or otherwise disposes of such property in an urban renewal area to a purchaser or lessee which is not a public body entitled to tax exemption with respect to such property.

Iowa Code § 403.11(2).

The Board concedes that the property in question was acquired as part of the City's urban renewal plan. But it asserts that in the case of a long-term lease—to the federal government or any other entity—the City's entitlement to an exemption under section 403.11 must be measured by reference to Iowa Code section 427.1(2). We agree.

Implicit in section 403.11(2) is the notion that the City's involvement in the urban renewal process will eventually cease when the plan is fulfilled. Otherwise there would be no need for the statutory proviso concerning termination of a property's exempt status.

Once the transaction was completed whereby the City condemned the former postal building, sold the property to the redeveloper, purchased the new property, constructed the new facility, and entered into a long-term lease, the City fell under the proviso. Under the proviso, the urban renewal exemption ends once the City sells or leases the property, *unless* the buyer or lessee is itself exempt "with respect to such property." Iowa Code § 403.11(2). To determine whether a lease with the postal service so qualifies, reference must be made to the general exemption statute, Iowa Code chapter 427. As will be discussed further, leasing to an agency of the federal government does not automatically satisfy that chapter's standards.

II. If the City had sold the property to the federal government in fee simple, it appears the government would be entitled to an exemption under Iowa Code section 427.1(1) as the owner of the property. However, because the City retained ownership and merely leases to the federal government, section 427.1(2) controls.

Exemption from property taxation under Iowa Code section 427.1(2) is measured by three factors: (1) municipal ownership of the property, (2) proof that the property is devoted to public use, and (3) proof that the property is not held for pecuniary profit. *City of Osceola v. Board of Review of Clarke County*, 490 N.W.2d 539 (Iowa 1992); *Airport Bldg. Corp. v. Linn County Assessor*, 406 N.W.2d 806, 808 (Iowa App.1987). Clearly the property in question satisfies the ownership test. Whether or not the property is held by the City for "pecuniary profit" is less clear given the patently unfavorable lease terms. But we pass that decision to rest our holding on the City's inability to claim entitlement to a tax exemption under the "devoted to public use" test.

There can be no doubt that postal services are public, not private, in nature. But in order for a public body to successfully claim a property tax exemption, the property must be devoted to a use that comes within the duty of the governmental subdivision. Thus, for example, we have held that even though a city need not pay property taxes on electrical lines supplying power within city limits, it may be assessed for transmission lines that extend power outside the city's borders. *City of Muscatine v. Swickard*, 232 Iowa 1175, 1186, 6 N.W.2d 23, 28 (1942). We said:

What is the public purpose that the legislature intended should support an exemption from taxation? As to property of a municipality, it seems to us that the public purpose must be one that is a municipal purpose. The supplying of electric energy to inhabitants of rural territory outside the corporate limits is not a purpose of the city of Muscatine. Were we to hold otherwise, many possibilities are conceivable which would seem to be contrary to what the legislature had in mind.... If the city decides to operate beyond its borders as a public utility why should not the property be subject to taxation where found? The citizens of that locality would look to such property for tax revenue if the utility was a private corporation. Why should not a municipal corporation, that has left its borders, be required to operate as a utility on the same basis as any other public utility? Why should the citizens of the territory so supplied be deprived of tax revenue that would otherwise be available?

*Id.*, 6 N.W.2d at 28.

Likewise, we have held that a racetrack cannot claim a property tax exemption under section 427.1(9) merely because the net proceeds of its wagering operation benefit educational and charitable organizations. *Iowa West Racing Ass'n v. Iowa Dep't of Revenue*, 421 N.W.2d 880 (Iowa 1988). We based our decision on our belief that in order to successfully claim exemption from property taxes, the owner's use of the property must coincide with the basis upon which the exemption rests. *Id.* at 882. Otherwise, the mere charitable donation of profits generated by rentals could exempt commercial property from taxation. *Id.* at 883. Such an interpretation would defeat the purpose of the exemption statute. *Id.* at 883–84.

■ Applying *Swickard* and *Iowa West Racing*, we conclude that the City cannot rightfully claim the exemption granted by the district court. The processing and delivery of mail is clearly outside the City's prescribed obligation to its citizens. *Cf.* Iowa Code §§ 23A.2(10) and 384.24 (defin-

ing permissible city enterprises exempt from governmental noncompetition laws). It follows from *Swickard* that because postal service does not qualify as a municipal duty, the post office building is not held for a public purpose warranting application of the municipal exemption law. Nor, under *Iowa West Racing*, can the City claim preferential tax treatment merely because the lease revenues are deposited in the public treasury.

■ We are obliged to strictly construe statutes exempting property from taxation. *Atrium Village*, 417 N.W.2d at 72. Doubts concerning exemption must be resolved in favor of taxation. *Id.* Although the City undeniably embarked on this project out of public spirit, it now holds the real estate and collects the rents just as any private landlord. Mere ownership of the realty is insufficient to satisfy the "devoted to public use" test of section 427.1(2). Without more, the City cannot rightfully claim a property tax exemption. Accordingly, we reverse the judgment of the district court and remand for a judgment consistent with this opinion.

REVERSED AND REMANDED.